### LEWIS *v.* STATE.

May 11, 1953

No. 38747 31 Adv. S. 18 64 So. 2d 634

*Edwards & Edwards,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

McGEHEE, C. J.

The appellant, A. C. Lewis, a Negro, was indicted, tried, and convicted under Section 2358, Code of 1942, for forcibly ravishing a Negro girl, Ish Mae Loftin, over the age of twelve years, against her will, and he was sentenced to death by electrocution.

The defense interposed was that the act complained of was by mutual consent, and that shortly prior to the date of the alleged crime the defendant and the prosecutrix had engaged in acts of unchastity on at least three occasions while she was working with him alone in the field; that the specific act for which he was indicted and convicted had been previously planned by him and his alleged victim, and that she went with him and another man in a truck near the scene of the alleged crime on the occasion complained of, left the truck of the other man without protest, and later returned with the defendant thereto without complaint as to having been mistreated.

Regardless of how false the testimony may have been, as to which we need express no opinion, the defendant was entitled to have the jury consider the same, since it was not only competent in defense of a prosecution under the particular statute here involved, but was very material and relevant as throwing light on the issue of whether or not the act was forcibly done, or was with the consent of the alleged victim.

It was recognized in the case of Brown v. State, 72 Miss. 997, 17 So. 278, that isolated and particular acts of adultery with *third* persons are not competent in a prosecution for rape, but it is nevertheless true under our jurisprudence and in other jurisdictions that such acts on the part of the alleged victim and the *accused* shortly prior to the act complained of are competent,

relevant, and material in defending an indictment under a statute similar to that here involved.

The general rule as to the competency of such evidence is stated in 44 Am. Jur., Sec. 90, par. 958, Sec. 93, p. 962. See also annotation under Arizona v. Wood, 140 A. L. R., 361, Sec. 2, p. 390, where it is said: ''For the purpose of raising an implication of consent, it has generally been said that the defendant in the trial of a common-law rape prosecution should be allowed to prove prior acts of illicit sexual intercourse between the prosecutrix and himself,'' and is supported by many other decisions cited under these texts.

 It may be true, as argued by the State, that no other jury of reasonable men would ever acquit the defendant under the defense which he has interposed in this case when viewed in the light of all the physical facts and other damaging evidence against him, nevertheless, he is entitled to have the jury consider any competent testimony which, if true, would constitute a complete defense to the charge on which he was convicted and sentenced to death. The case of Bonds v. State, 164 Miss. 126, 143 So. 475, is not applicable to the factual situation in the instant case.

Because of the error in denying to the accused the right to offer such proof of prior acts of sexual intercourse between himself and the prosecutrix, the case must be reversed and remanded for a new trial.

Reversed and remanded.

All Justices concur.